IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JARRITT R. FORD, | ) | CASE NO. 5:11CV575 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| DREW ALEXANDER, et al., | ) | |
| | ) | |
| Defendants. | ) | **REPORT AND RECOMMENDATION** |

Plaintiff, Jarritt R. Ford ("Ford"), who is proceeding pro se, filed this action under 42 U.S.C. § 1983 against Summit County, Ohio ("Summit County") and Drew Alexander, in his official capacity as Sheriff of Summit County (collectively "County Defendants").  Docs. 1 and 5.  The case is currently before the Court on the motion for summary judgment filed by Ford (Doc. 28) and the cross-motion for summary judgment filed by the County Defendants.  Doc. 42.  Both motions, having been fully briefed, are ripe for Report and Recommendation.

For the reasons set forth below, the undersigned RECOMMENDS that: (1) Ford's motion for summary judgment be DENIED, (2) the County Defendants' motion for summary judgment be GRANTED, (3) Ford's federal claims be dismissed without prejudice for failure to exhaust administrative remedies, and (4) Ford's remaining state law claims be dismissed without prejudice.

**I.  Facts and Procedural Background**

The facts in this case are, for the most part, undisputed.  On May 27, 2010, Ford pled guilty to felonious assault and discharging of a firearm on or near a prohibited premises and was sentenced to prison.  He was confined at the Summit County Jail pending transfer to the Lorain Correctional Institution.  Doc. 1, at ¶ 10.  On June 1, 2010, while in Pod 4A in the Summit County Jail, Ford was involved in an altercation with another inmate, Defendant John Cook

("Cook"). Doc. 1, at ¶¶ 13-16. During the fight, Ford was beaten by Cook with a broom handle. Doc. 1, at ¶¶ 16, 19-20. The total time of the fight was between 12 and 15 minutes, with a break of unknown duration in the middle of the fight when Ford returned to his cell. Doc 42, Exhibit 2B, Iselin Report, at p.2. Although largely irrelevant for purposes of the instant motions for summary judgment, there is a dispute as to who actually caused the confrontation between Ford and Cook, how the fight actually played out, and whether it was Ford, himself, or Cook, who introduced a broom handle into the altercation. In his complaint, Ford alleges that Cook attacked him for "snitching" on Cook and that Cook was the initial aggressor.[1] Doc. 1, at ¶ 13.

Jail staff was alerted to the fight after the altercation had stopped and after both Ford and Cook had returned to their respective cells. Doc 42, Exhibit 2B, Iselin Report, at p.1. Ford made a call for help by pressing a call button located in his cell. *Id.* Upon being alerted to Ford's condition, jail staff called for medical assistance and Ford was transported to Akron General Medical Center for evaluation and treatment for several injuries, including multiple head wounds. *Id.* at p. 2. He spent two days in the hospital and was then returned to the Summit County Jail to await transport to the Lorain Correctional Institution. Doc. 1, at ¶ 20. Ford was transferred to the Lorain Correctional Institute on June 11, 2010. Doc. 1, at ¶ 23. No further incidents occurred between Ford and Cook while he was being held at the Summit County Jail. Both Ford and Cook were disciplined for the fight. Doc 42, Exhibit 2B, Iselin Report, at p.3.

On March 21, 2011, Ford brought this action against the County Defendants pursuant to 42 U.S.C. § 1983. Doc. 1. On July 27, 2011, Ford filed an amended complaint, in which he added Cook as a defendant and asserted assault and battery claims against Cook. Doc. 5. Ford

---

[1] In the witness statement Ford completed with regard to the fight, dated June 4, 2010, he stated that he went into Cook's cell because Cook wanted to "holler" at him for snitching on Cook. Doc. 42, Exhibit 1, Ford Witness Statement. Ford alleges that Cook started the fight and that Cook introduced the broom handle into the fight. *Id.* However, according to the investigation report by Sergeant Earl Iselin, the fight began in Cook's cell, was interrupted when Ford retreated to his cell, and then started up again when Ford returned to Cook's cell with a broom handle. Doc. 42, Exhibit 2B, Iselin Report, at p. 2.

2

filed a second amended complaint on September 12, 2011, which appears to be duplicative of the amended complaint filed on July 27, 2011.  Doc. 9.  Based on these documents, it appears that Ford is asserting the following claims in this case:

1. Failure to train and failure to supervise against Defendant Alexander, in his official capacity (Claim One of the original complaint);

2. Failure to protect against Summit County based on the failure of the County to maintain adequate policies and practices (Claim Two of the original complaint);

3. Dereliction of duty and violation of Ford's Constitutional rights under the 5th, 6th, 8th, and 14th Amendments to the U.S. Constitution against the County Defendants (Claim Three of the Original Complaint);

4. State law claims of assault and battery against Defendant Cook (Claim Four in amended complaint); and

5. Violation of Ford's 8th Amendment rights due to a failure to protect against the County Defendants (Claim Five in amended complaint).

Doc. 1, pp. 6-8; Doc. 5, pp. 2-3.

On July 13, 2012, Ford filed a motion for summary judgment with regard to his claims against the County Defendants.  Doc. 28.  The County Defendants filed a brief in opposition to the motion for summary judgment on August 3, 2012.  Doc. 31. On August 16, 2012, Ford filed a document captioned "Traverse to Defendant's Opposition to Plaintiff's Motion for Summary Judgment."  Doc. 34.

On August 31, 2012, the County Defendants filed a cross motion for summary judgment. Doc. 42.  On October 15, 2012, Ford filed a "Memorandum Contra to Defendant's Motion for Summary Judgment."  Doc. 50.  Pursuant to the briefing schedule set forth by the Court, the County Defendants' reply brief in support of their motion for summary judgment was due on November 5, 2012.  Doc. 48.  The County Defendants did not file a reply brief in support of their

3

motion for summary judgment and the time to file such a brief has now lapsed. Thus, the cross-motions for summary judgment are ripe for decision.

## II. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. "A genuine issue of material fact exists when, 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *White v. Wyndham Vacation Ownership, Inc.,* 617 F.3d 472, 475–76 (6th Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

After a moving party has carried its initial burden of showing that no genuine issues of material fact remain in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen–Bradley Co*., 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted).

4

In this case, the parties have filed cross motions for summary judgment.  Docs. 28, 42. "The filing of cross motions for summary judgment does not necessarily mean that the parties consent to resolution of the case on the existing record or that the district court is free to treat the case as submitted for final resolution on a stipulated record." *Taft Broad. Co. v. United States, 929 F.2d 240, 248 (6th Cir. 1991)* (citations omitted).  The standard of review for cross motions for summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation. *Id.*  The court "must evaluate each party's motion on its own merits and may not grant summary judgment in favor of either party . . . if disputes remain as to material fact." *Id.*

Lastly, it should be noted that Ford is proceeding pro se.  Although not excused from complying with the Federal Rules of Civil Procedure, "[a] pro se litigant's pleadings and evidence presented must be, and in this instance are, construed liberally." *Anderson v. Frye, 2007 WL 912290, *6 (S.D. Ohio Mar.22, 2007)*.

### III.  Analysis

**A.     Ford's Motion for Summary Judgment Should be Denied**

As set forth below, Ford failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), and his federal claims should therefore be dismissed.  Accordingly, he is not entitled to summary judgment on his claims and his motion for summary judgment should be denied.

**B.     The County Defendants ' Motion for Summary Judgment Should be Granted Because Ford Failed to Exhaust Administrative Remedies**

In their cross-motion for summary judgment, the County Defendants argue that this case should be dismissed because Ford has failed to exhaust his administrative remedies.  The exhaustion provision of the PLRA states:

(a) Applicability of administrative remedies

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 520, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Failure to exhaust is an affirmative defense under the PLRA and inmates are not required to specially plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 207, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).[2] On a motion for summary judgment, however, the inmate must make some showing once the defendant establishes a prima facie showing that the inmate had a means of redress which he did not exercise. *Napier v. Laurel County, Kentucky*, 636 F.3d 218, 225 (6th Cir. 2011) (requiring an inmate plaintiff to present "significant probative evidence to defeat the motion for summary judgment" on grounds of failure to exhaust) (internal quotation marks omitted).[3]

To properly exhaust a claim, an inmate must complete the administrative review process in accordance with "the applicable procedural rules," as defined by the jail grievance process. *Jones*, 549 U.S. at 218–19. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively

---

[2] In *Jones*, the Supreme Court reiterated that "exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones, 549 U.S. at 204* (internal quotation omitted). Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being brought into court. *Id.* This has the potential to reduce the number of inmate suits and also to improve the quality of suits that are filed by producing a useful administrative record. *Id.*

[3] Failure to exhaust administrative remedies under the PLRA is properly raised in a motion for summary judgment. *See Aguirre v. Corrections Corp. of America*, No. 4:08CV2365, 2009 WL 2423702, at *4 (N.D. Ohio Aug. 3, 2009) (while failure to exhaust is not proper for dismissal under Rule 12(b) of Federal Rules of Civil Procedure, "a court is well within its purview to find that no genuine issue of material fact exists as to the inmate's failure to fulfill a procedural requirement such as the exhaustion of administrative remedies."); *Benavidez v. Stansberry*, No. 4:07CV3334, 2008 WL 4279559 (N.D. Ohio Sept. 12, 2008) (discussing how failure to exhaust under the PLRA is appropriate in motion for summary judgment).

without imposing some orderly structure on the course of its proceedings." *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir.2009) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90–91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006)).

In this case, the County Defendants assert that Ford had administrative remedies available to him with regard all of his federal claims arising at the Summit County Jail but failed to exhaust these remedies. In support of this position, the County Defendants submit the affidavit of Lieutenant John C. Grogan, who is responsible for all administrative and operational functions at the Summit County Jail. Doc. 42, Exhibit 4, Grogan Affidavit, at ¶¶ 2-3. As detailed by Lieutenant Grogan, the Summit County Jail provides a grievance process for inmates titled "Inmate Request for Assistance." *Id.* at ¶ 7. Such requests are generically known as Kites. *Id.* This process provides redress to inmates for any grievance they might have against the Summit County Jail or its employees. *Id.* Once an inmate files an Inmate Request for Assistance, it is logged in the Sheriff's Office database titled "Inmate Kite Tracking Logs." *Id.* at ¶ 10. An inmate may also request medical services by submitting a form titled "Medical Health Services Request," which is also generically known as a Kite. *Id.* at ¶ 8. Lieutenant Grogan stated that, based on his investigation, Ford did not submit a grievance with regard to his fight with Cook or for any other reason. *Id.* at ¶¶ 9-10. Lieutenant Grogan did note, however, that Ford filed several unrelated requests for medical care at various times. Based on this evidence, the County Defendants have satisfied their burden of demonstrating that Ford did not properly exhaust administrative remedies before filing his federal claims.

Ford does not dispute Lieutenant Grogan's affidavit or argue that he properly exhausted his administrative remedies prior to bringing this suit. Instead, Ford appears to argue that the County Defendants waived exhaustion as an affirmative defense because they failed to plead it in their answer and improperly raised it for the first time in their motion for summary judgment.

7

This argument is unpersuasive.  The failure to plead an affirmative defense does not always result in its waiver, especially when the responding party has an opportunity to respond to the affirmative defense and is not prejudiced by it.  *Old Line Life Ins. Co. of America v. Garcia*, 418 F.3d 546, 550 (6th Cir. 2005); *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) (failure to raise affirmative defense until second motion for summary judgment did not result in waiver of defense because no unfair surprise or prejudice occurred and purpose of Rule 8(c) of Federal Rules of Civil Procedure still met as party given notice of the defense and had opportunity to respond); *Braswell v. Corrections Corp. of America*, 2009 WL 2447614, at *11 (M.D. Tenn. Aug.10, 2009) (Defendant did not waive affirmative defense of Plaintiff's failure to exhaust as required under PLRA because it was raised in initial motion to dismiss).  Here, Ford had notice that the County Defendants intended to assert his failure to exhaust administrative remedies by the summary judgment motion itself.  He had an opportunity to respond to the motion and in fact did so.  There is no unfair surprise and Ford has suffered no prejudice in his ability to respond to this defense.  Thus, the undersigned finds that the County Defendants did not waive the affirmative defense of failure to exhaust administrative remedies.

In sum, the County Defendants have submitted uncontested evidence establishing that Summit County Jail had an inmate grievance procedure and that Ford did not file a grievance in accordance with this procedure either during or after his stay in the Summit County Jail.  Accordingly, there is no genuine issue of material fact regarding Ford's failure to exhaust and summary judgment should be granted in favor of the County Defendants on Ford's federal claims.

**B.      Ford's Remaining State Law Claims**

To the extent that Ford has alleged state law claims against the County Defendants, it is not necessary to address the merits of those claims.  The same is true for Ford's state law tort

claims against Defendant Cook. Pursuant to 28 U.S.C. § 1367(c)(3), the district court has the discretion to dismiss claims over which it has supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction. *Dobbs–Weinstein v. Vanderbilt Univ.,* 185 F.3d 542, 546 (6th Cir. 1999). The Sixth Circuit has recognized a general rule disfavoring a district court's exercise of pendent jurisdiction when federal question claims are dismissed before trial. *See Gaff v. Federal Deposit Ins. Corp.,* 814 F.2d 311, 319 (6th Cir. 1987); *see also Wolotsky v. Huhn,* 960 F.2d 1331, 1338 (6th Cir. 1992) ("Where a district court exercises jurisdiction over state law claims solely by virtue of pendent jurisdiction and the federal claims are dismissed prior to trial, the state law claims should ordinarily be dismissed without reaching their merits."). Accordingly, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over Ford's state law claims and dismiss those claims without prejudice.

### IV. Conclusion and Recommendation

For the foregoing reasons, the undersigned makes the following recommendations:

1. The motion for summary judgment filed by Plaintiff should be DENIED. Doc. 28.

2. The motion for summary judgment filed by the Defendants Summit County, Ohio and Drew Alexander should be GRANTED (Doc. 42) and Plaintiff's federal claims should be dismissed without prejudice for failure to exhaust administrative remedies.

3. The Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismiss those claims without prejudice.

Dated: November 6, 2012

Kathleen B. Burke
United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).