PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JARRITT R. FORD, | ) | |
| | ) | CASE NO. 5:11cv575 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DREW ALEXANDER, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF Nos. 51; 57] |

On November 6, 2012, the assigned magistrate judge issued a Report ("R&R") (ECF No. 51) recommending that *pro se* Plaintiff's Motion for Summary Judgment (ECF No. 28) be denied, and that Defendants' Motion for Summary Judgment (ECF No. 42) be granted, thereby dismissing Plaintiff's Federal claims without prejudice for failure to exhaust administrative remedies. The R&R also recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining State law claims, dismissing those claims without prejudice. ECF No. 51 at 1. Plaintiff did not file an objection within fourteen days.

**I. Procedural Background**

On November 27, 2012, the Court issued a Memorandum of Opinion and Order adopting the magistrate judge's R&R and dismissing the claims without prejudice. ECF No. 52. Thereafter, Plaintiff filed a Motion for Extension of Time to object to the R&R, indicating he had not received the R&R until November 16, 2012, because it had been sent to his home address rather than the halfway house in which he currently resides.[1] ECF No. 54. The Court granted

_____

[1] On October 15, Plaintiff filed a document wherein another address was indicated, and the R&R had apparently been sent to that address.

(5:11cv575)

Plaintiff's motion on December 4, 2012, and extended the cutoff for an objection until December 14, 2012.  ECF No. 55.

On December 19, 2012, Plaintiff filed a Second Motion for Extension of Time (ECF No. 56) and a Motion to Object to Report and Recommendation (ECF No. 57).  Both documents were handwritten and signed on December 14, 2012.  Attached to his motion for an extension of time was the envelope the Court's December 4, 2012, Order had allegedly arrived in, stamped "Received Dec 11 2012."  ECF No. 56-1 at 1.  Upon the envelope is a handwritten, signed note from Matt Williams, Resident Supervisor, stating "Jarritt Ford received this letter on 12/14/12 at approximately 9:30 p.m.  It was given to him by this writer.  It had been in his mailbox for an undetermined time."  ECF No. 56-1 at 1.

On December 26, 2012, the Court granted Plaintiff's Second Motion for Extension of Time.  ECF No. 58.  On December 27, 2012, Defendants filed a Response (ECF No. 59) to Plaintiff's Objection (ECF No. 57).

## II.  Factual Background

On May 27, 2010, Plaintiff pleaded guilty to felonious assault and discharging of a firearm on or near a prohibited premises and was sentenced to prison.  ECF No. 51 at 2.  He was confined at the Summit County Jail pending transfer to the Lorain Correctional Institution.  ECF No. 51 at 2.  On June 1, 2010, while in Pod 4A in the Summit County Jail, Plaintiff was involved in an altercation with another inmate, Defendant John Cook ("Cook").  ECF No. 51 at 2.  During the fight, Plaintiff was beaten by Cook with a broom handle.  ECF No. 51 at 2.  The total time of the fight was between 12 and 15 minutes, with a break of unknown duration in the middle of the

(5:11cv575)

fight when Plaintiff returned to his cell.  ECF No. 51 at 2.  There is a dispute as to who actually

caused the confrontation between Plaintiff and Cook, how the fight actually played out, and

whom introduced a broom handle into the altercation.  ECF No. 51 at 2.  In his Amended

Complaint, Plaintiff alleges that Cook attacked him for "snitching" on Cook and that Cook was

the initial aggressor.  ECF No. 51 at 2.

Jail staff was alerted to the fight after the altercation had stopped and after both Plaintiff

and Cook had returned to their respective cells.  ECF No. 51 at 2.  Plaintiff pressed a call button

located in his cell for help.  ECF No. 51 at 2.  Upon being alerted to Plaintiff's condition, jail

staff called for medical assistance and Plaintiff was transported to Akron General Medical Center

for evaluation and treatment for several injuries, including multiple head wounds.  ECF No. 51 at

2.  After spending  two days in the hospital. Plaintiff  was returned to the Summit County Jail to

await transport to the Lorain Correctional Institution.  ECF No. 51 at 2.  Plaintiff was transferred

to the Lorain Correctional Institute on June 11, 2010.  ECF No. 51 at 2.  No further incidents

occurred between Plaintiff and Cook while Plaintiff was being held at the Summit County Jail.

ECF No. 51 at 2.  Both Plaintiff and Cook were disciplined for the fight.  ECF No. 51 at 2.

On March 21, 2011, Plaintiff brought this action against the County Defendants pursuant

to 42 U.S.C. § 1983.[2]  ECF No. 51 at 2.  Plaintiff asserts numerous claims against Defendants

pursuant to § 1983 alleging a failure to train and supervise; failure to maintain adequate policies

---

[2]  On July 27, 2011, Plaintiff filed an Amended Complaint, in which he added Cook as a
defendant and asserted State law assault and battery claims against Cook.  ECF No. 51 at 2.
Plaintiff filed a Second Amended Complaint on September 12, 2011, which appears to be
duplicative of the amended complaint filed on July 27, 2011.  ECF No. 51 at 3.

3

(5:11cv575)

and practices, deriliction of duty; and a failure to protect.  ECF No. 51 at 3.  Plaintiff ultimately

alleges that Defendants left Plaintiff and Cook alone together when they knew or should have

known that Cook would be angry with Plaintiff because Plaintiff allegedly told prison officials

that Cook had a lighter, and based upon this information, prison officials allegedly told Cook

they were going to discipline him.  ECF No. 34 at 2.[3]

### III.  Standard of Review

When an objection has been made to a magistrate judge's report and recommendation, the

district court standard of review is *de novo*.  Fed. R. Civ. Pro. 72(b)(3).  A district judge must

determine *de novo* any part of the magistrate judge's disposition that has been properly objected

to.  *Id*.  The district judge may: accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions.  *Id*.

Accordingly, the Court has conducted a *de novo* review of the magistrate judge's Report

and has considered Petitioner's arguments raised in objection.  The Court adopts in part and

rejects in part the recommendation of the magistrate judge, as explained below.

### IV.  Analysis

#### A.  Failure to Raise Exhaustion in Answer

---

[3]  Plaintiff alleges that a prison official told Cook to "gather his belongings so he could be moved to segregation for possessing contraband," and then the prison official left without escorting Cook, leaving the prisoners out together in the "open dorm."  ECF No. 57 at 3. Plaintiff argues that act caused a dangerous situation that resulted in the fight and Plaintiff's injuries.  ECF No. 57 at 3.  Plaintiff further alleges that it took prison staff half an hour to respond to his post-fight use of the call button, in further violation of his constitutional rights. ECF No. 57 at 3.

(5:11cv575)

Plaintiff objects to the magistrate judge's recommendation that his claims be dismissed for failure to exhaust administrative remedies.  ECF No. 57 at 1, 6.  Plaintiff alleges that Defendants did not raise the affirmative defense in their pleadings, and are thus precluded from raising it in their summary judgment motion.  ECF No. 57 at 1.

Defendants first asserted the exhaustion defense in their Motion for Summary Judgment. ECF No. 42 at 16.  In his response, Plaintiff argued that Defendants waived the affirmative defense because they failed to plead it in their answer.  ECF No. 50 at 1; 34 at 3.[4]  Defendants did not file a reply brief.

The magistrate judge considered the issue and correctly found that the failure to plead an affirmative defense does not always result in its waiver, especially when the responding party has an opportunity to respond to the affirmative defense and is not prejudiced by it. *Old Line Life Ins. Co. of America v. Garcia*, 418 F.3d 546, 550 (6th Cir. 2005); *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) (failure to raise an affirmative defense until second motion for summary judgment did not result in waiver of defense because no unfair surprise or prejudice occurred and purpose of Rule 8(c) of Federal Rules of Civil Procedure was still met as party given notice of the defense and had opportunity to respond); *Braswell v. Corrections Corp. of America*, 2009 WL 2447614, at *11 (M.D. Tenn. Aug.10, 2009) (defendant did not waive affirmative defense of plaintiff's failure to exhaust as required under Prison Litigation Reform Act because it was raised in initial motion to dismiss) (overruled on other grounds).

---

[4]  Plaintiff appears to argue the waiver defense in his reply brief to his motion for summary judgment (ECF No. 34), though at that time Defendants had not asserted the exhaustion of remedies argument.

(5:11cv575)

The question of whether it is appropriate to consider an affirmative defense not properly pleaded is within the discretion of the district court in light of applicable jurisprudence and the facts and circumstances of the case.  *Garcia*, 418 at 550.

The magistrate judge determined that Plaintiff had notice that Defendants intended to assert the failure to exhaust administrative remedies defense by the summary judgment motion itself, and had an opportunity to respond to the motion and did so.  ECF No. 51 at 8.  The magistrate judge also found there to be no unfair surprise and that Plaintiff suffered no prejudice.  ECF No. 51 at 8.  Accordingly, the magistrate judge found that Defendants did not waive the affirmative defense of failure to exhaust administrative remedies.  ECF No. 51 at 8.

Because the magistrate judge properly considered applicable jurisprudence and the facts and circumstances of the instant case, there was nothing improper about considering Defendants' affirmative defense.  Plaintiff's objections as to the presentation of Defendants' affirmative defense are overruled.

### B.  Failure to Exhaust Remedies

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust administrative remedies before bringing a case in court.  42 U.S.C. 1997e(a).  Defendants submitted evidence that there was an internal grievance process at the Summit County Jail, and Lieutenant Grogan stated that, based upon his investigation, Plaintiff did not submit a grievance with regard to his fight with Cook or for any other reason.  ECF No. 51 at 7.  The magistrate judge determined that, based upon this evidence, Defendants satisfied their burden of demonstrating that Plaintiff failed to properly exhaust administrative remedies.  ECF No. 51 at 7.

6

(5:11cv575)

Plaintiff objects to the finding that he failed to exhaust his administrative remedies. ECF No. 57 at 7. Plaintiff argues that he "was unable to use administrative remedies due to his injuries and limited use of remedies because of disciplinary action taking against" him. ECF No. 57 at 7. Plaintiff also alleges he "was hinder in Summit County Jail to file any kind of grievance." ECF No. 57 at 7.

Plaintiff was transferred to the Lorain Correctional Institute on June 11, 2010, ten days after the fight on June 1, 2010. ECF No. 51 at 2. Two of those intervening days were spent in the hospital, where Plaintiff was treated for several injuries, including multiple head wounds. ECF No. 51 at 2. On June 4, 2010, Plaintiff noted he "was groggy from my head injury and mental health meds." ECF No. 28-1 at 3. He was allegedly placed on the list to see a doctor on the "next Dr. Day." ECF No. 28-1 at 3. Plaintiff also was subject to "disciplinary action" for the altercation on June 1. ECF No. 57 at 7.

Section 1997e(a) of the PLRA requires a prisoner to exhaust "such remedies as are available." 42 U.S.C. § 1997e(a). "The plain meaning of the term 'available' is that a prisoner is required to exhaust only those procedures that his is reasonably capable of exhausting." *Braswell v. Corrections Corp. Of America*, 419 F. App'x. 622, 625 (6th Cir. Apr. 15, 2011) (citing *Hoover v. West*, 93 Fed. App'x. 177, 181 (10th Cir. 2004); *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998)). "[O]ne's personal inability to access the grievance system could render the system unavailable." *Braswell*, 419 F. App'x. at 625 (citing *Days v. Johnson*, 322 F.3d 863, 867 (5th Cir. 2003), and noting that the prisoner in *Days* was unable to exhaust remedies because he had suffered a broken right hand that prevented him from filling out the prison's grievance forms,

7

(5:11cv575)

precluding a finding he failed to exhaust within the required time period).

Given that Plaintiff in the instant case had ten days to file a grievance before he was moved to another facility, and that those days were spent in the hospital; with a "head groggy" from severe injury and presumably attendant medication; and under the cloud of some form of disciplinary action,[5] a genuine issue of material fact exists as to whether Plaintiff was capable of filing a grievance in that ten day time period.

Furthermore, a prisoner may lack available remedies when prison officials deny him the necessary grievance forms or fail to provide access to grievance forms. *Id*. at 626 (citing *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003)). Defendants in the instant case, like the defendants in *Braswell*, do not allege that their grievance process was available to Plaintiff after he had been transferred to the Lorain Correctional Institute on June 11, 2010. In *Braswell*, the defendant was transferred to a special needs facility. *Id*. at 626. The court noted that the prison's grievance policy applied only to "inmate/residents," and not former prisoners who are no longer in that prison's custody. *Id.* Defendants in the instant case do not allege their grievance policy permits former inmate/residents to file grievances, or how a former prisoner housed in another county's prison would avail himself of this procedure. Defendants only assert, in response to Plaintiff's objections to the R&R, that Plaintiff had filled out forms in the past to request medical assistance, evidencing an awareness of the system. ECF No. 59 at 3. However, an aptitude for filling out medical request forms does not equate to an understanding of a grievance process.

---

[5] It is not clear from the record what disciplinary action Plaintiff received, and the attendant question of availability of grievance forms or access to the filing location was not addressed.

8

(5:11cv575)

Furthermore, as noted above, Defendants do not broach the availability of the grievance process

nor address Plaintiff's compromised capacity to utilize it.  Thus, like the *Braswell* court, the

instant Court finds that the existing record does not permit a conclusion that the remedies

Plaintiff failed to exhaust were available to him, precluding summary judgment.

### V.  Conclusion

For the reasons state above, the Court adopts the R&R's  (ECF No. 51) finding that

Defendant timely asserted the defense of exhaustion.  Because the Court finds that a genuine

issue of material fact exists as to whether administrative remedies were available to Plaintiff, the

Court does not adopt the R&R's conclusion regarding the issue of the exhaustion requirement on

the merits, and, as a result, does not adopt the recommendation that Defendants' Motion for

Summary Judgment be granted or that Plaintiff's Motion for Summary Judgment be denied.

Therefore, the motions for summary judgment are returned to the docket of the assigned

magistrate judge to issue a revised Report and Recommendation on the merits of the issues

presented in both parties' motions for summary judgment.


IT IS SO ORDERED.


 January 4, 2013          　　　　　　　　　 */s/ Benita Y. Pearson*
Date                                                 Benita Y. Pearson
                                                       United States District Judge

9